UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SCARLETT LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAKOTA RAMSEUR,<br><br>　　　　Defendant. | CAUSE NO.: 2:26-CV-3-TLS-JEM |

## OPINION AND ORDER

On January 6, 2026, the pro se Plaintiff Scarlett Lopez filed a Complaint [ECF No. 1] in the instant action, alleging a due process violation because the "Defendant conspired with individuals in 101013/2022 by having ex parte communication." This matter is before the Court on the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Court denies the Plaintiff's Motion for Leave to Proceed in Forma Pauperis and dismisses without prejudice the Plaintiff's complaint for failure to state a claim.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give

security therefor." 28 U.S.C. § 1915(a)(1). Here, the Plaintiff's motion establishes that she is unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

The Complaint contains four sentences: "Defendant conspired with individuals in 101013/2022 by having ex parte communication"; "Defendant is in violation of due process"; "This Court has jurisdiction under federal law"; and "Plaintiff demands jury on all issues and with compensation not lower than $500,000." ECF No. 1.

It appears that the Plaintiff is attempting to bring a federal constitutional claim for a due process violation under 42 U.S.C. § 1983. "In order to state a claim under § 1983 a plaintiff must

allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (citations omitted). The Plaintiff has not alleged any facts to show that she was deprived of a federal constitutional right, and she has not alleged that the Defendant was acting under color of state law. There are no facts explaining what "101013/2022" means or providing any context for the Defendant's alleged violation of the Plaintiff's due process rights.

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until February 24, 2026, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion. Along with an amended complaint, the Plaintiff must also file a new Motion to Proceed In Forma Pauperis. If the Plaintiff does not file an amended complaint by the deadline, the Court will direct the Clerk of Court to close this case.

The Court recognizes that on January 20, 2026, the Court received as undeliverable a correspondence it had sent to the Plaintiff at her address of record. ECF No. 3. However, "litigants . . . bear the burden of filing notice of a change of address . . . ." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (cleaned up).

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES the Complaint WITHOUT PREJUDICE. The Plaintiff is GRANTED until February 24, 2026, to file an amended complaint as well as either a new Motion to Proceed In Forma Pauperis or the filing fee. The Plaintiff is cautioned that, if she

does not respond by the deadline, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiff.

    SO ORDERED on January 22, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
